UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HASSAN AOUN,

                    Plaintiff,

v.

DEARBORN PUBLIC SCHOOL
BOARD OF EDUCATION, *et. al.*,

                    Defendants.

_____/

Civil Action 26-11470

Terrence G. Berg
United States District Judge

David R. Grand
United States Magistrate Judge

### <u>REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER PENDING HEARING AND RULING ON MOTION FOR PRELIMINARY INJUNCTION (ECF No. 15)</u>

On May 4, 2026, *pro se* plaintiff Hassan Aoun ("Aoun") commenced this action against numerous defendants arising from his conduct at a "Dearborn public school-board meeting" almost exactly three years earlier, on May 8, 2023, which resulted in him being charged with trespassing, breach of peace, and failure to obey a police officer. (ECF No. 8, PageID.44, 58, 64).[1]  Aoun was acquitted of the trespassing charge, but was convicted of the other two charges. (*Id.*, PageID.44).  Consequently, he was sentenced to thirty days in jail. (*Id.*, PageID.46).  Aoun now brings a slew of claims principally for alleged violations of his rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution, and names as defendants the City of Dearborn and "City Attorney"

---

[1] Pursuant to 28 U.S.C. § 636(b), this case has been referred to the undersigned for all pretrial matters. (ECF No. 12).

Jeremy Romer; the Dearborn Board of Education (the "Board"), Board President James Thorpe, Director of Health, Safety & Security Danielle Elzayat, and Assistant Health, Safety & Security Supervisor Abraham Dakhlallah ("School Defendants"); "School/Public Official" John Watsikam[2]; the Dearborn Police Department and Chief of Police Issa Shahin.  (*Id.*, PageID.36-37).

On May 23, 2026, Aoun filed the instant "Emergency Motion for Temporary Restraining Order,"[3] asking the Court to 1) "[t]emporarily prohibit Defendants from excluding" him from "public buildings," 2) "[p]reserve all video, audio [etc]… connected to the May 8, 2023 incident, and 3) "[p]rotect the child or alleged minor victim's identity by prohibiting… filings identifying the child."  (ECF No. 15, PageID.142-43).  School Defendants are the only represented parties in this action thus far, and they responded to Aoun's motion on May 26, 2026.  (ECF No. 17).  Later that day, Aoun replied.  (ECF No. 19).

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Aoun's motion for preliminary Injunction **(ECF No. 15)** be **DENIED.**

---

[2] Aoun identifies John Watsikam as a "School/Public Official," but counsel for the "School Defendants" does not represent John Watsikam and has advised Aoun that "we don't know who Mr. Watsikam is."  (ECF No. 18-1, PageID.216).

[3] Although Aoun's motion was filed as a Temporary Restraining Order, it was fully briefed within three days of its filing and is properly before the Court as a Motion for Preliminary Injunction. Fed. R. Civ. P. 65(a).

## II.    REPORT

### A.    Background

On May 8, 2023, Aoun attended a Dearborn public school-board meeting at which numerous children also apparently attended. (ECF No. 8, PageID.58). Aoun alleges that he attended "as a local activist after community members informed him about serious allegations involving child safety, including allegations that a child had allegedly been touched or molested." (*Id.*, PageID.39). Aoun states that when the School Board President, defendant James Thorpe ("Thorpe"), "interrupted, limited, or silenced" a board member who was "attempting to speak about the child safety issue," Aoun told Thorpe "not to interrupt." (*Id.*, PageID.39-40). Then, Aoun alleges he "was told to leave the meeting room" and "ultimately complied, voluntarily left the meeting room, exited the building, and remained outside near the entrance door." (*Id.*, PageID.61). Aoun alleges that at some point after he left the meeting and was "outside near the entrance door on public property," he was "transported to the police department," "charged with trespassing and failure to obey a police officer," and wrongfully fingerprinted. (*Id.*, PageID.63-64). "At trial, the jury found [Aoun] not guilty of trespass and found [him] guilty of failure to obey a police officer and breach of peace or disturbing-the-meeting-related ordinance enforcement." (*Id.*). Aoun served 30 days in jail as a result of his conviction.

In response to Aoun's motion, School Defendants provided a video of the interaction as well as the minutes from that school board meeting. In the video, Aoun can be heard talking loudly in the gallery of attendees while a board member was trying to speak. Thorpe then calmly warned, "we will have people removed if we need to," to which

3

Aoun responded by yelling "fuck you" to Thorpe.  Thorpe then asked the police to remove Aoun from the building.  There is silence for a few minutes while Aoun was escorted out of the building.  The minute notes from the meeting are consistent with the video, and read as follows:

> At this point a citizen shouted and cursed at President Thorpe. President Thorpe asked that the police escort the citizen out.
>
> President Thorpe asked Trustee Berry if he would like to move forward while we're waiting for backup from the police.  Trustee Berry said he'd rather wait.
>
> Once the citizen was removed President Thorpe apologized to the students for the profanities and asked Trustee Berry to continue.

(ECF No. 16, PageID.192).

Aoun does not dispute that he was disruptive in the meeting or that a "school board may enforce lawful, neutral rules to maintain order inside a limited public forum."  (ECF No. 19, PageID.235).  Rather, Aoun argues that the School Defendants unlawfully "treated [him] as a trespasser and arrested [him] outside after he was no longer inside the meeting room and no longer interfering with any proceeding."  (*Id.*).

Aoun now brings suit against the Dearborn School Board, Dearborn Police, and various individuals employed by those entities, principally alleging violations of his First, Fourth, and Fourteenth Amendment rights.  (ECF No. 8, PageID.73-94).

In his motion for preliminary injunctive relief, Aoun states that since the May 2023 meeting, he "remains chilled from returning to public meetings."  (ECF No. 15, PageID.155).  Thus, he asks the Court to "[t]emporarily prohibit Defendants from

4

excluding" him from "public buildings." (ECF No. 15, PageID.142).[4]  In his reply brief, Aoun, for the first time, explains that he is seeking this relief on an "emergency" basis because his "nephew is graduating from Fordson High School on June 3, 2026," and he "wants to attend peacefully."  (ECF No. 19, PageID.228). In their response brief, Defendants note that Aoun did not even bring this case until almost three full years had passed since the May 2023 meeting at issue, and that Aoun does not allege a single instance in that lengthy intervening period of time that "he attended a meeting and was turned away." (ECF No. 17, PageID.200).  Moreover, Defendants do not deny that Aoun has the right to attend public meetings and events, and they note that he was removed from the May 2023 meeting not because of a disagreement about the substance of his speech, but because, by loudly swearing at the Thorpe, he disrupted the meeting and breached the peace. (*Id.*, PageID.196-98, 200-01).

---

[4] Aoun also asks the Court to order defendants (he does not specify which) to "[p]reserve all video, audio [etc]… connected to the May 8, 2023 incident" and to "[p]rotect the child or alleged minor victim's identity by prohibiting… filings identifying the child." (ECF No. 15, PageID.142-43). Aoun provides very little context to support these requests and neither is appropriate for a motion for preliminary injunction.  First, the parties already have an obligation to preserve evidence. *Bailey v. Michigan Dep't of Corr.*, 342 F.R.D. 420, 424–25 (E.D. Mich. 2022) ("The duty to preserve evidence arises when a party has notice that the evidence is relevant to litigation or should have known that the evidence may be relevant to future litigation.") (internal quotations omitted). To that end, the School Defendants already explained to Aoun by email that they "will meet their obligation to retain and preserve records as required by law." (ECF No. 18-1, PageID.216).  And, Aoun has made no showing that any evidence is at risk of being destroyed.  Second, Aoun provides no reason to believe that any child's identity will be revealed through Court filings.  Finally, Federal Rule of Civil Procedure 5.2 contains a requirement that "the name of an individual known to be a minor" be redacted in any court filings, and instructs that any such "filing may include only . . . the minor's initials . . ." Fed. R. Civ. P. 5.2.  For all of these reasons, Aoun has shown no need for the requested injunctive relief.

**B.**     **Legal Standards**

Preliminary injunctions "are extraordinary remedies designed to preserve the relative positions of the parties until further proceedings on the merits can be held." *Koetje v. Norton*, No. 13-12739, 2013 WL 8475802, at \*2 (E.D. Mich. Oct. 23, 2013).  Whether to grant such relief is a matter within the district court's discretion.  *See Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 540 (6th Cir. 2007).  The factors the Court must consider in determining whether to grant the requested injunction are: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm without the injunction; (3) whether issuance of the injunction will cause substantial harm to others; and (4) whether the public interest is served by issuance of the injunction.  *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008).

**C.**     **Analysis**

Examining Aoun's instant motion against these standards, he has failed to show that he is entitled to a Court order compelling the relief he seeks.

With respect to the first factor, Aoun has not established a strong likelihood of success on the merits.  Indeed, Aoun does not address this prong whatsoever in his motion. (ECF No. 15).  At best, in his reply brief, Aoun cites cases where courts have granted preliminary injunctive relief in the First Amendment context.  (ECF No. 19, PageID.236-37).  For example, Aoun writes that "First Amendment cases support injunctive relief where government action chills speech or lawful attendance."  (*Id.*, PageID.236).  While such relief may be warranted where the factual record supports it, Aoun does not plead

6

facts showing he has a likelihood of succeeding on his claim that School Defendants unlawfully chilled his speech or lawful attendance at public meetings.

In his reply, Aoun suggests that Defendants engaged in "viewpoint discrimination, retaliation, indefinite exclusion, or police action against a person who is lawfully present outside the meeting . . ." (*Id.*, PageID.235-36).  He goes on to argue:

> A school board may enforce lawful, neutral rules to maintain order inside a limited public forum.  But Defendants may not use an alleged inside-meeting disruption as a continuing license to trespass, arrest, punish, or chill Plaintiff after he is outside and no longer interfering with the meeting.

(*Id.*, PageID.235).

Aoun's arguments miss the mark in multiple respects.  First, he has presented no evidence that any actions taken against him were motivated by "viewpoint discrimination" or "retaliation."  Rather, the evidence before the Court suggests that he was removed from the meeting solely because he caused a disturbance by loudly cursing at Thorpe.  Second, Aoun has presented no evidence suggesting that he has been restricted at all from attending public meetings, let alone "indefinitely" excluded from them.  Finally, Aoun's argument that once "outside" he was somehow insulated from arrest for his "inside-meeting disruption" lacks merit; a jury determined that he breached the peace while inside the meeting, and the fact that he made it outside (one way or another) did prevent authorities from arresting him for that criminal act.  Indeed, a lawful arrest as to Aoun's breach of the peace would preclude a finding that his simultaneous arrest for trespass was "unlawful." *See Howse v. Hodous*, 953 F.3d 402, 409 (6th Cir. 2020) ("the constitutional tort claim of false arrest fails so long as there's just one valid reason for the arrest.").

Although Aoun alleges that he "wants to return to future school-board meetings, but Defendants' prior enforcement has deterred him from doing so," he has not pleaded facts to support a well-founded fear of retaliation or unlawful arrest.  (ECF No. 8, PageID.75).  Rather, Aoun has at most asserted subject fears that amount to nothing more than the type of speculative harm that does not support the need for injunctive relief.  *See e.g.*, *Anders v. Benson*, No. 20-CV-11991, 2020 WL 4700793, at \*4 (E.D. Mich. Aug. 13, 2020) ("generalized and subjective 'fear' of retaliation – unsupported by any evidence" cannot establish a strong likelihood of success).  For all of these reasons, Aoun has not shown a likelihood of success on the merits.

Given that finding, the Court discusses the other injunction factors only briefly. *Gonzales v. Nat'l Bd. of Med. Examiners*, 225 F.3d 620, 625 (6th Cir. 2000) ("a finding that there is simply no likelihood of success on the merits is usually fatal.").  As to the second factor, Aoun has failed to show that he will suffer irreparable harm without immediate injunctive relief.  Aoun posits that he will miss his nephew's high school graduation, which is on June 3, 2026, without this preliminary injunction.  First, that his desire to attend his nephew's graduation may have precipitated the filing of Aoun's motion is new information in his reply brief and "a movant cannot raise new issues for the first time in a reply brief because consideration of such issues deprives the non-moving party of its opportunity to address the new arguments." *Malin v. JPMorgan*, 860 F. Supp. 2d 574, 577 (E.D. Tenn. 2012) (internal quotations omitted).  Even if it weren't a new argument, Aoun has not presented any evidence suggesting that he risks being subjected to an enforcement action by merely attending his nephew's graduation. As  explained above,

8

Aoun's fear of enforcement, no matter how strongly felt by him, is not supported by any factual allegations. Simply put, the evidence before the Court does not suggest that Aoun would be prevented from attending, or removed from, his nephew's graduation provided he behaves in accordance with the law while there. *See York Risk Servs. Grp., Inc. v. Couture*, 787 F. App'x 301, 308 (6th Cir. 2019) ("An unreasonable delay in filing for injunctive relief will weigh against a finding of irreparable harm."). Thus, Aoun has not shown that he will suffer irreparable harm in the absence of a preliminary injunction. *Memphis A. Philip Randolph Inst. v. Hargett*, 978 F.3d 378, 391 (6th Cir. 2020) ("To merit a preliminary injunction, an injury 'must be both certain and immediate,' not 'speculative or theoretical.'").

Finally, it is not in the public's interest to issue an unwarranted preliminary injunction, and doing so here could improperly restrict Defendants from engaging in appropriate enforcement of rules at public events.

In sum, all of the factors the Court must consider weigh in favor of denying Aoun's motion for preliminary injunctive relief.

## III.   CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Aoun's Motion for Preliminary Injunction **(ECF No. 15)** be **DENIED.**

Dated: May 28, 2026                                 s/David R. Grand
Ann Arbor, Michigan                            DAVID R. GRAND
                                                              United States Magistrate Judge

9

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 28, 2026.

s/Eddrey O. Butts
EDDREY O. BUTTS

10

Case Manager