UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| **HASSAN AOUN,**<br><br>Plaintiff,<br><br>vs.<br><br>**DEARBORN PUBLIC SCHOOL BOARD OF EDUCATION et al,**<br><br>Defendants. | **2:26-CV-11470-TGB-DRG**<br><br>**HON. TERRENCE G. BERG**<br><br>**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, AND DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF (ECF NO. 23).** |

Before the Court are Objections filed by pro se Plaintiff Hassan Aoun to Magistrate Judge David R. Grand's Report and Recommendation recommending that Aoun's request for a preliminary injunction be denied.

On May 4, 2026, Aoun filed a civil action pursuant to 42 U.S.C. § 1983 against Defendants, including the Dearborn Public School Board of Education, alleging (1) retaliation for protected speech; (2) viewpoint discrimination; (3) unreasonable seizure; (4) malicious prosecution; (5) due process violation; (6) selective enforcement in violation of Plaintiff's right to equal protection; (7) "continuing recordkeeping harm, record misclassification, and related fingerprint/ biometric consequences"; (8) "injurious falsehood/false recordkeeping/ false criminal-history

designation" under state law; and a (9) *Monell* claim against Defendants City of Dearborn, Dearborn Police Department, and Dearborn Public Schools Board of Education. ECF No. 8. Lastly, Plaintiff seeks declaratory and injunctive relief. *Id.* These claims arise from Plaintiff's having been ejected from a Dearborn School Board meeting in 2023, his subsequent prosecution in connection with his conduct at that meeting, and allegations related to that incident.

On May 23, 2026, Plaintiff filed "an emergency request" for a motion for a temporary restraining order. ECF No. 15. Defendants responded on May 26, 2023, ECF No. 17, and so Magistrate Judge Grand properly converted Plaintiff's motion into a motion for a preliminary injunction,[1] and on May 28, 2026, recommended that the motion be denied. ECF No. 23. Plaintiff filed objections that same day. ECF No. 25. For the following reasons, the Court **OVERRULES** Plaintiff's Objections, and **ADOPTS** Judge Grand's Report and Recommendation. Accordingly, Plaintiff's motion for injunctive relief is **DENIED**.

---

[1] Given that School Defendants have responded to Plaintiff's motion for a temporary restraining order, the motion is properly before the Court as a motion for preliminary injunction. Fed. R. Civ. P. 65(a); *see Barrow v. Wexford Health Sources, Inc.*, No. 14-941, 2015 WL 1042538, at *7 (S.D. Ill. Mar. 6, 2015) ("Plaintiff's request for a TRO has been *de facto* converted into a motion for preliminary injunction as the respondent is on notice of the request and has been given an opportunity to respond.").

## I.   BACKGROUND

### A.   Factual Background

According to the Complaint, three years ago, on May 8, 2023, Plaintiff attended a Dearborn Public School Board meeting "as a local activist after community members informed him about serious allegations involving child safety, including allegations that a child had allegedly been touched or molested." ECF No. 8, PageID.39.

Plaintiff alleges that during the meeting, Defendant Hussein Berry was attempting "to speak about the child-safety issue" when he was "interrupted, limited, or silenced" by "Defendant James Thorpe, the school-board president." *Id.*

Plaintiff, "from the audience area" then "told Defendant Thorpe not to interrupt Mr. Berry and to let Mr. Berry complete his statement." *Id.* at PageID.40. Plaintiff alleges that he "did not threaten violence, physically harm anyone, or use physical force." *Id.*

Plaintiff "was told to leave the meeting room." *Id.* He "ultimately complied, voluntarily left the meeting room, exited the building, and stood outside near the entrance door." *Id.*

In the School Defendants' response to Plaintiff's motion for a temporary restraining order, School Defendants provide a video recording and the meeting minutes of the May 8, 2023 school board

3

meeting—both of which are publicly available. *See* ECF No. 17, PageID.192. These records portray the incident somewhat differently.

As summarized by Judge Grand, in the video, *see* Dearborn Public Schools, *May 8, 2023, P 12 Board of Education Meeting. part 1* (YouTube, May 9, 2023), https://www.youtube.com/watch?v=GD1OmU9Cliw (last accessed May 29, 2026),

> Aoun can be heard talking loudly in the gallery of attendees while a board member was trying to speak. Thorpe then calmly warned, "we will have people removed if we need to," to which Aoun responded by yelling "fuck you" to Thorpe. Thorpe then asked the police to remove Aoun from the building. There is silence for a few minutes while Aoun was escorted out of the building.

ECF No. 23, PageID.491–92. After independently viewing the video, the Court finds Judge Grand's summary to be correct and adopts it.

Similarly, the meeting minutes of the May 8, 2023 school board meeting reflect:

> At this point a citizen shouted and cursed at President Thorpe. President Thorpe asked that the police escort the citizen out.

> President Thorpe asked Trustee Berry if he would like to move forward while we're waiting for backup from the police. Trustee Berry said he'd rather wait.

> Once the citizen was removed President Thorpe apologized to the students for the profanities and asked Trustee Berry to continue.

Minutes of the Regular Meeting of May 8, 2023—Dearborn Board of Education—School District of the City of Dearborn (Google Docs, May 15, 2023), https://docs.google.com/document/d/10KUliURjFamZqiylD4A3EQ GmtkJuK8CEiRMmBclMN-E (last accessed May 29, 2026), at 6.

Sometime after Plaintiff "exited the meeting room and building," Plaintiff "was transported to the police department, [and] charged with trespassing and failure to obey a police officer." ECF No. 8, PageID.63–64.

Plaintiff alleges that after he "demanded a jury trial, the prosecution amended or pursued an additional charge or theory involving disturbing the meeting or breach of peace." *Id.* at PageID.64.

On October 30, 2023, a trial on these charges was held before Judge Sam Salamey. ECF No. 22-2. On the same day, "the jury found Plaintiff not guilty of trespass and found Plaintiff guilty of failure to obey a police officer and breach of peace or disturbing-the-meeting-related ordinance enforcement." ECF No. 8, PageID.64.

On January 10, 2024, Plaintiff was sentenced by Judge Salamey to 30 days in jail and $125 in costs on each count—with the jail sentences served concurrently. ECF No. 22-4, PageID.474–75. Because one of Plaintiff's Objections, No. 4, pertains to Judge Grand's findings of fact, which have been referred to here, the Court will address that Objection first.

*Objection No. 4*

Plaintiff offers a single objection to the factual findings of the Report and Recommendation. ECF No. 24, PageID.502. Specifically, Plaintiff writes

> The video and meeting minutes relied on by the Report concern what occurred inside the meeting. They do not resolve what happened after Plaintiff left the room, exited the building, and was outside.

> Plaintiff's request for emergency relief is based on the risk that Defendants will again use the May 8, 2023 incident, Plaintiff's viewpoint, or this lawsuit as a basis to exclude or target him while he is peacefully present at a public event. The inside-meeting record does not defeat Plaintiff's claims concerning outside police action, future exclusion, chilling, and retaliation.

ECF No. 24, PageID.502.

The Court rejects this objection because it fails to identify any factual error in the recitation of facts and has no bearing on Plaintiff's request for injunctive relief. The Report and Recommendation did not ignore the fact that Plaintiff was arrested and subsequently prosecuted following his behavior during the May 8, 2023 meeting. Indeed, Judge Grand quoted the Complaint as to what happened after Aoun "voluntarily left the meeting room". ECF No. 23, PageID.491. It appears that the Complaint's allegations as to what happened after Aoun was removed from the meeting were accepted as true by Judge Grand. There is no need, as Plaintiff appears to be arguing, to resolve "the disputed

6

outside conduct" prior to relying on the video and the minutes of the school board meeting, ECF No. 24, PageID.502. The video and the minutes are reliable evidence of what transpired at the school board meeting, regardless of what occurred afterwards. And in any event, there is no indication that Plaintiff's version of the events that followed his conduct in the meeting room was not accepted in the Report and Recommendation. Accordingly, this Objection is **OVERRULED**.

## B.    Procedural Background

In the Complaint, Plaintiff alleges that after he made comments at the May 8, 2023 meeting, Defendants retaliated against him by treating him as a trespasser, even after he had left the building, resulting in his arrest, prosecution, and related recordkeeping consequences. ECF No. 8. Plaintiff names as defendants the City of Dearborn, "City Attorney" Jeremy Romer, the Dearborn Police Department, Chief of Police Issa Shahin, Police Officer Ahmed Alkubani, and Police Sergeant Ashley Kusnier ("City Defendants"); the Dearborn Board of Education (the "Board"), Board President James Thorpe, Director of Health, Safety & Security Danielle Elzayat, and Assistant Health, Safety & Security Supervisor Abraham Dakhlallah ("School Defendants"); and John Watsikam[2]; *Id.*

---

[2] John Watsikam has not made an appearance and counsel for the School Defendants has advised Aoun that "we don't know who Mr. Watsikam is." ECF No. 18-1, PageID.216. Additionally, Plaintiff has filed a motion

Specifically, Plaintiff brings following counts: (1) retaliation for protected speech under the First Amendment; (2) viewpoint discrimination under the First Amendment; (3) unreasonable seizure under the Fourth Amendment; (4) malicious prosecution under the Fourth Amendment; (5) due process violation under the Fourteenth Amendment; (6) selective enforcement in violation of Plaintiff's right to equal protection under the Fourteenth Amendment; (7) "continuing recordkeeping harm, record misclassification, and related fingerprint/ biometric consequences" under the Fourth and Fourteenth Amendment; (8) "injurious falsehood/false recordkeeping/false criminal-history designation" under state law; and a *Monell* claim against Defendants City of Dearborn, Dearborn Police Department, and Dearborn Public Schools Board of Education. *Id.* Lastly, Plaintiff seeks declaratory and injunctive relief. *Id.*

On May 23, 2026, Plaintiff filed a motion for a temporary restraining order, asking the Court to

> 1) Temporarily prohibit Defendants from excluding, removing, or trespassing Plaintiff from public meetings, public buildings, entrances, sidewalks, hallways, lobbies, or other public areas open to the public under Defendants' control solely because of the May 8, 2023 incident, Plaintiff's viewpoint, protected speech, litigation, or public-activist status.

---

"to drop Defendant John Watsikam from this action without prejudice." ECF No. 25, PageID.507.

8

2) Temporarily prohibit Defendants from using trespass threats, arrest threats, fingerprinting threats, biometric-processing threats, LEIN threats, criminal-history threats, or criminal-enforcement threats merely because Plaintiff attends, observes, records where lawful, or speaks at a public meeting on the same terms as other members of the public.

3) Preserve all video, audio, police, school-security, court, prosecution, fingerprint, biometric, LEIN, criminal-history, audit-log, record-change, and communication records connected to the May 8, 2023 incident, the original 30-day trespass charge, the trespass acquittal, and any later alleged 'invasion of privacy' or other record designation.

4) Protect the child or alleged minor victim's identity by prohibiting public release, online posting, nonparty disclosure, or open filing of deposition transcripts, recordings, exhibits, summaries, discovery materials, or filings identifying the child unless redacted, sealed, or authorized by Court order.

ECF No. 15, PageID.142–43.

On May 26, 2026, School Defendants responded to Plaintiff's motion. ECF No. 17. On May 27, 2026, Plaintiff's reply was filed. ECF No. 19.

On May 28, 2026, City Defendants filed a motion to dismiss. ECF No. 22.

### C.   Report and Recommendation

On May 28, 2026, Judge Grand filed a report and recommendation, recommending that Plaintiff's motion for a preliminary injunction be denied. ECF No. 23, PageID.491.

Specifically, Judge Grand found that Plaintiff failed to establish a strong likelihood of success on the merits, that Plaintiff has failed to show that he will suffer irreparable harm in the absence of a preliminary injunction, that it is not in the public interest to issue a preliminary injunction, and that doing so "could improperly restrict Defendants from engaging in appropriate enforcement of rules at public events." *Id.* at PageID.494–95.

### D.   Objections

On May 28, 2026, Plaintiff filed ten separate objections to the Report and Recommendation. ECF No. 24.

Specifically, Plaintiff objects (1) to the ultimate conclusion of the Report and Recommendation because it fails to address the narrow relief Plaintiff is actually seeking; (2) that Judge Grand failed to consider narrower injunctive relief; (3) that in assessing whether Plaintiff showed a likelihood of success on the merits, Judge Grand failed to consider the Defendants' actions "after Plaintiff complied, left the meeting room, exited the building, and was outside"; (4) to the reliance on the school-board video and minutes without resolving the disputed outside contact;[3] (5) to the finding that Plaintiff's fear of future harm is speculative; (6) to the Report and Recommendation's finding that "the graduation issue should be discounted because it was raised in the reply"; (7) to the finding

---

[3] The Court has already addressed this objection in footnote 2 in Section I.A.

that delay in filing weighs against a finding of irreparable harm; (8) to the failure to properly weigh First Amendment chilling and irreparable harm; (9) to the public interest analysis; (10) to the denial "of preservation and minor-identity protections to the extent the Report denies all protective clarification." *Id.* at PageID.501–504.

Because Plaintiff's objections concern several aspects of the Report and Recommendation, the Court will address them as part of its analysis of whether preliminary injunctive relief is warranted.

## II.   LEGAL BACKGROUND

### A.   Objections to a Report and Recommendation

Either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Objections must cite the specific portion of the report and recommendation to which they pertain.

"The District Court need only review the Magistrate Judge's factual or legal conclusions that are specifically objected to by either party." *See Ghaster v. City of Rocky River*, 913 F. Supp. 2d 443, 452–53 (N.D. Ohio 2012) (*quoting Thomas v. Arn*, 474 U.S. 140, 150 (1985)). Failure to object waives further review of a district court's adoption of the report and recommendation. *Pfahler v. Nat'l Latex Prods. Co.*, 517 F.3d 816, 829 (6th Cir. 2007). "[A] general objection to a magistrate's report, which fails to

11

specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) And the filing of vague, general, or conclusory objections is insufficient to preserve issues for further review. *Cole v. Yukins*, 7 Fed. App'x 354, 356 (6th Cir. 2001). This Court must review de novo (as if it were considering the issues for the first time) the parts of a report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge ... [or] receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

### B.    Motion for a Preliminary Injunction

Plaintiff filed this motion pursuant to Federal Rule of Civil Procedure 65, asking this Court to "prohibit Defendants from excluding, removing, or trespassing Plaintiff from public meetings" and "public areas … under Defendants' control solely because of the May 8, 2023 incident, Plaintiff's viewpoint, protected speech, litigation, or public-activist status"; from threatening Plaintiff in a number of ways "merely because Plaintiff attends, observes, records where lawful, or speaks at a public meeting"; to preserve records connected to the May 8, 2023 incident, the original 30-day trespass charge, the trespass acquittal, and any later alleged 'invasion of privacy' or other record designation"; and

12

protect the alleged minor victim's identity by prohibiting public release of records. ECF No. 15, PageID.142–43.

While Plaintiff originally filed a "Emergency Motion for Temporary Restraining Order Pending Hearing and Ruling on Motion for Preliminary Injunction," *id.* at PageID.141, School Defendants responded to the motion, which is properly before the Court as a motion for preliminary injunction. Fed. R. Civ. P. 65(a); *see Barrow*, 2015 WL 1042538, at *7. In any case, "[t]he standard for issuing a temporary restraining order is logically the same as for a preliminary injunction with emphasis, however, on irreparable harm given that the purpose of a temporary restraining order is to maintain the status quo." *Moore v. U.S. Ctr. for SafeSport*, 685 F. Supp. 3d 490, 495 (E.D. Mich. 2023) (Ludington, J.) (citation removed).

Courts consider four factors when determining whether to grant a preliminary injunction:

> (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction.

*Int'l Union of Painters & Allied Trades Dist. Council No. 6 v. Smith*, 148 F.4th 365, 371 (6th Cir. 2025). The Sixth Circuit has "often cautioned that these are factors to be balanced, not prerequisites to be met." *Doe v.*

13

*Univ. of Cincinnati*, 872 F.3d 393, 399 (6th Cir. 2017) (citation omitted) ("*Univ. of Cincinnati*"). At the same time, the Sixth Circuit has "also held that a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed. And in the case of a potential constitutional violation, the likelihood of success on the merits often will be the determinative factor." *Id.* (cleaned up).

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

## III. MOTION FOR A PRELIMINARY INJUNCTION

### A. Whether Plaintiff Has a Strong Likelihood of Success on the Merits

The first factor that the Court must consider is whether Plaintiff "has demonstrated a strong likelihood of success on the merits." *Handel's Enters., Inc. v. Schulenburg*, 765 F. App'x 117, 121 (6th Cir. 2019) (citation omitted). "Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Examiners*, 225 F.3d 620, 625 (6th Cir. 2000). To meet his burden, Plaintiff "must show more than a mere possibility of success." *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 543 (6th Cir. 2007) (citation omitted).

14

Plaintiff does not address this factor in his motion. *See* ECF No. 15. For this reason alone, the Court finds that Plaintiff has not met his burden to show that he is likely to succeed on the merits.

In his report and recommendation, Judge Grand concluded that "Aoun does not plead facts showing he has a likelihood of succeeding on his claim that School Defendants unlawfully chilled his speech or lawful attendance at public meetings." ECF No. 23, PageID.495. The Report and Recommendation further found that Plaintiff

> has presented no evidence that any actions taken against him were motivated by "viewpoint discrimination" or "retaliation." Rather, the evidence before the Court suggests that he was removed from the meeting solely because he caused a disturbance by loudly cursing at Thorpe. Second, Aoun has presented no evidence suggesting that he has been restricted at all from attending public meetings, let alone "indefinitely" excluded from them. Finally, Aoun's argument that once "outside" he was somehow insulated from arrest for his "inside-meeting disruption" lacks merit; a jury determined that he breached the peace while inside the meeting, and the fact that he made it outside (one way or another) did prevent authorities from arresting him for that criminal act. Indeed, a lawful arrest as to Aoun's breach of the peace would preclude a finding that his simultaneous arrest for trespass was "unlawful." *See Howse v. Hodous*, 953 F.3d 402, 409 (6th Cir. 2020) ("the constitutional tort claim of false arrest fails so long as there's just one valid reason for the arrest.").

> Although Aoun alleges that he "wants to return to future school-board meetings, but Defendants' prior enforcement has deterred him from doing so," he has not pleaded facts to support a well-founded fear of retaliation or unlawful arrest. (ECF No. 8, PageID.75). Rather, Aoun has at most asserted

15

subject[ive] fears that amount to nothing more than the type of speculative harm that does not support the need for injunctive relief.

ECF No. 23, PageID.495–96.

*Objection No. 3*

Plaintiff submits one objection to this portion of Judge Grand's Report and Recommendation. Plaintiff argues that

> The key constitutional issue is what happened after Plaintiff complied, left the meeting room, exited the building, and was outside. Plaintiff alleges that Defendants continued to treat him as a trespasser and used police action after he was no longer inside the meeting room and no longer interfering with any proceeding.
>
> The Report does not fully address that outside-conduct issue. The fact that Plaintiff was accused of disruption inside does not automatically authorize continuing exclusion, trespass treatment, arrest, retaliation, or chilling after Plaintiff complied and was outside.

ECF No. 24, PageID.501–502. Plaintiff also explains that his "constitutional claim is not that a school board can never maintain order inside a limited public forum. Plaintiff has already acknowledged that a public body may enforce lawful, viewpoint-neutral rules to maintain order." *Id.* at PageID.501.

In other words, Plaintiff appears to be arguing that regardless of the lawfulness of his removal from the school board meeting on May 8,

16

2023, the subsequent actions of Defendants violated his constitutional rights.

The Court disagrees. Plaintiff has failed to present any evidence that *any* of the allegedly adverse actions taken towards him— "threatening trespass, ordering him away from the outside area, threatening arrest, causing or supporting trespass-related enforcement, causing or supporting fingerprinting and biometric processing, and causing or supporting prosecution-related consequences," ECF No. 8, PageID.74—were taken as a result of Plaintiff's engagement in protected activities. Instead, as Judge Grand found, and the Court agrees, they were motivated by Plaintiff's interruption of the proceeding and by the curses directed at Defendant Thorpe, behavior which continued after he was warned that he would be removed if he continued to be disruptive. Such activity is not protected by the First Amendment. *See Biggs-Leavy v. Lewis*, No. 24-1317, 2025 WL 451369, at *3 (6th Cir. Feb. 10, 2025) ("The right of free speech does not encompass the right to cause disruption to a public proceeding." (cleaned up) (citing *Startzell v. City of Philadelphia*, 533 F.3d 183, 198 (3d Cir. 2008)); *Lowery v. Jefferson Cnty. Bd. of Educ.*, 586 F.3d 427, 432 (6th Cir. 2009) ("the State is not required to allow persons to engage in every type of speech in [school board meetings]" (cleaned up)); *White v. City of Norwalk*, 900 F.2d 1421, 1426 (9th Cir. 1990) ("disruptive" speech is not protected under the First Amendment).

Nor does Plaintiff's allegation that he complied with the direction to leave the school board meeting somehow insulate him from arrest and subsequent prosecution or turn such arrest and subsequent prosecution into an unconstitutional action.

More fatally, however, the conduct alleged in Plaintiff's complaint—a discrete episode of retaliation to protected speech occurring more than three years ago—bears little connection to the harm Plaintiff seeks to avoid—being unsure of whether he will be able to attend his nephew's graduation ceremony. Even if Plaintiff *were* to succeed on the merits—and the Court finds that he has not shown that he is likely to do so—the purported harm of the alleged conduct underlying the complaint does not warrant prospective *injunctive* relief and is better addressed through money damages.

In other words, as the Sixth Circuit has explained,

[a] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint. This is because the purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends he was or will be harmed through the illegality alleged in the complaint. [The plaintiff] had no grounds to seek an injunction pertaining to allegedly impermissible conduct not mentioned in his original complaint.

*Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (cleaned up).

18

In other words, Plaintiff is merely speculating that because he was arrested after disrupting a school board meeting in the past, he faces imminent risk that he will be banned from a school graduation or face some other kind of discriminatory action. But Plaintiff has not brought any claims that would justify the specific injunctive relief sought in Plaintiff's motion.

For these reasons, this Objection is **OVERRULED**.

Having rejected Plaintiff's sole objection, the Court adopts Judge Grand's finding as to the likelihood of success of Plaintiff's claims. Thus, the Court finds that Plaintiff is unlikely to succeed on his claims. This "often … determinative" factor, *see City of Pontiac Retired Emps. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014), weighs against injunctive relief. [4]

## B. Whether Plaintiff Would Suffer Irreparable Harm Absent an Injunction

"The second factor … asks whether the movant is likely to suffer irreparable harm in the absence of the injunction." *Univ. of Cincinnati*, 872 F.3d at 407.

In his report and recommendation, Judge Grand concluded that Plaintiff

---

[4] While a preliminary injunction "issued where there is simply no likelihood of success on the merits *must be reversed*," *Winnett v. Caterpillar, Inc.*, 609 F.3d 404, 408 (6th Cir. 2010) (emphasis added), the Court will nevertheless cursorily address the remaining factors.

has failed to show that he will suffer irreparable harm without immediate injunctive relief. Aoun posits that he will miss his nephew's high school graduation, which is on June 3, 2026, without this preliminary injunction. First, that his desire to attend his nephew's graduation may have precipitated the filing of Aoun's motion is new information in his reply brief and 'a movant cannot raise new issues for the first time in a reply brief because consideration of such issues deprives the non-moving party of its opportunity to address the new arguments.' Even if it weren't a new argument, Aoun has not presented any evidence suggesting that he risks being subjected to an enforcement action by merely attending his nephew's graduation. As explained above, Aoun's fear of enforcement, no matter how strongly felt by him, is not supported by any factual allegations. Simply put, the evidence before the Court does not suggest that Aoun would be prevented from attending, or removed from, his nephew's graduation provided he behaves in accordance with the law while there. Thus, Aoun has not shown that he will suffer irreparable harm in the absence of a preliminary injunction.

ECF No. 23, PageID.496–97 (citations omitted).

The Court agrees. Plaintiff has failed to show that he faces any irreparable harm. Most importantly, Plaintiff has failed to show that he will face any hurdles to attending his nephew's graduation. Plaintiff need only conduct himself in a nondisruptive and law-abiding manner—an obligation that applies to all citizens—to avoid being arrested or barred from a public ceremony.

Plaintiff submits four objections to this portion of Judge Grand's Report and Recommendation.

20

*Objection No. 5*

First, Plaintiff argues that his "fear" is not "speculative." ECF No. 24, PageID.502. Plaintiff argues that

> Plaintiff identified a specific upcoming event: his nephew's graduation at Fordson High School on June 3, 2026. Plaintiff wants to attend peacefully. Plaintiff's concern is based on the prior police action and trespass-related enforcement arising from the May 8, 2023 incident.
>
> Plaintiff is not asking for broad relief. Plaintiff is asking for narrow protection from being excluded or targeted based on the prior incident, his viewpoint, protected activity, or pending lawsuit. That is a real and immediate concern because the graduation is imminent.

*Id.*

The Court rejects this objection. Plaintiff does not allege facts showing that he has been "excluded or targeted based on the prior incident, his viewpoint, protected activity, or pending lawsuit," *id.* Thus, any risk that Defendants will suddenly begin to take adverse actions against Plaintiff as a result of his engagement in protected activity is speculative. Aoun's nephew's graduation may be imminent, but Plaintiff has not shown that any enforcement action against him is likely to occur that would prevent his attendance. This Objection is **OVERRULED**.

21

*Objection No. 6*

Second, Plaintiff "objects to the finding at ECF No. 23, PageID.496-497, that the graduation issue should be discounted because it was raised in the reply." *Id.* Plaintiff argues that "[t]he graduation is not a new claim. It is evidence of immediacy supporting the same emergency relief requested in Plaintiff's motion: protection from exclusion from public buildings and public events." *Id.*

The Court rejects this objection. Judge Grand referenced the well-settled proposition "a movant cannot raise new issues for the first time in a reply brief because consideration of such issues 'deprives the non-moving party of its opportunity to address the new arguments.'" *Malin v. JPMorgan*, 860 F. Supp. 2d 574, 577 (E.D. Tenn. 2012). The record does not indicate that Plaintiff has referred to his nephew's graduation prior to his reply brief. Accordingly, Defendants have not had an opportunity to address this claim. Plaintiff's argument that this is not a "new claim" but instead "is evidence of immediacy" does not change this outcome. In any case, Judge Grand, and this Court, address Plaintiff's reference to his nephew's graduation ceremony as if it had *not* been raised for the first time in his reply brief. This Objection is **OVERRULED**.

*Objection No. 7*

Third, Plaintiff objects "to the finding at ECF No. 23, PageID.497, relying on delay. Plaintiff filed this case near the limitations deadline regarding the May 8, 2023 incident. The emergency need for injunctive protection became immediate because of the June 3, 2026 graduation." ECF No. 24, PageID.503.

The Court rejects this objection. Judge Grand referenced the three-year delay in this case to underline that any threat of harm that Plaintiff may experience is speculative in view of the fact that the only state actions taken against Plaintiff were several years ago. While such "delay" does not "defeat" harm of Plaintiff's alleged past injury, it is directly relevant to the plausibility of Plaintiff's concern that future retaliation or enforcement action is likely to be taken against him now. The significant time lag between the 2023 school board incident and today highlights the speculative nature of Plaintiff's alleged harm. This Objection is **OVERRULED**.

*Objection No. 8*

Fourth, Plaintiff "objects to the Report's failure to properly weigh First Amendment chilling and irreparable harm." ECF No. 24, PageID.503. Plaintiff argues "[t]he loss or chilling of First Amendment rights, even temporarily, supports irreparable harm." *Id.*

The Court rejects this objection. Except for the incident in May 2023, Plaintiff has not shown that Defendants have taken any adverse action against him as a result of his participation in protected activity. Thus, Plaintiff has failed to show any chilling effect that would result from a denial of Plaintiff's motion for injunctive relief.

Accordingly, having rejected Plaintiff's four objections on this factor, the Court adopts Judge Grand's conclusion and finds that Plaintiff has not shown the presence of irreparable harm that would weigh in favor of injunctive relief. This Objection is **OVERRULED** and this factor weighs against injunctive relief.

### C. Whether Issuance of the Injunction Would Cause Substantial Harm to Others & Whether the Public Interest Would Be Served by the Issuance of the Injunction

"The third factor we must consider is whether the issuance of the injunction would cause substantial harm to others." *Handel's Enters., Inc.*, 765 F. App'x at 125. The fourth factor we must consider is "whether the public interest would be served by the issuance of the injunction." *Certified Restoration Dry Cleaning Network, L.L.C.*, 511 F.3d at 551 (citation omitted). Courts frequently consider these two factors together. *See, e.g.*, *Bonnell v. Lorenzo*, 241 F.3d 800, 826 (6th Cir. 2001).

In his report and recommendation, Judge Grand concluded that "it is not in the public's interest to issue an unwarranted preliminary

injunction, and doing so here could improperly restrict Defendants from engaging in appropriate enforcement of rules at public events." ECF No. 23, PageID.497.

The Court agrees.

School Defendants argue that "granting a temporary restraining order or injunction would provide Plaintiff *carte blanche* to disrupt future meetings of the Board of Education." ECF No. 17, PageID.201. Specifically,

> [t]he proposed temporary restraining order would limit the School Defendants from enforcing their rights and interests during public meetings by enforcing an unknown limit on the School Defendants, is far from narrowly tailored, duplicates obligations under the rules of discovery and, at least for the School Defendants, their legal obligations under the Family Educational Rights and Privacy Act ("FERPA").

ECF No. 17, PageID.201.

Indeed, granting Plaintiff injunctive relief when he has failed to show that Defendants have taken adverse actions against him as a result of any protected activity would limit the ability of School Defendants to maintain order and civility. This would cause substantial harm to School Defendants and would not serve the public interest.

Plaintiff submits three objections to this portion of Judge Grand's Report and Recommendation.

*Objections No. 1 and No. 2*

First, Plaintiff "objects to the ultimate recommendation" because the Report and Recommendation "does not address the narrow relief Plaintiff is actually seeking: protection from being excluded, trespassed, arrested, or targeted based solely on the May 8, 2023 incident, Plaintiff's viewpoint, Plaintiff's protected speech, Plaintiff's pending lawsuit, or Plaintiff's peaceful presence at a public event." ECF No. 24, PageID.501. Plaintiff explains that he "only seeks a narrow order allowing him to attend public school events peacefully, including his nephew's June 3, 2026 graduation at Fordson High School, without being targeted based on the prior incident or this lawsuit." *Id.*

Similarly, Plaintiff also "objects to the Report's conclusion that an injunction could improperly restrict Defendants from enforcing rules at public events. The Court can enter narrow relief that protects Plaintiff's constitutional rights while preserving Defendants' ability to enforce lawful, neutral, generally applicable rules." *Id.*

While Plaintiff's specific request to attend his nephew's graduation without fear of having his constitutional rights violated is a reasonable one, his right to do so is already established under our law. No injunction is necessary to require the Dearborn authorities to leave a law-abiding citizen unmolested during a high school graduation. Accordingly, the purported "narrowness" of his sought relief does not change the outcome.

In any event, the requested relief would amount to an impermissibly broad "obey-the-law" injunction. *See Perez v. Ohio Bell Tel. Co.*, 655 F. App'x 404, 410 (6th Cir. 2016). Such injunctions risk creating uncertainty for those that are subject to them and may improperly expose parties to contempt proceedings based on vague directives. *Id.* Accordingly, Plaintiff's requested relief is likely to cause substantial harm to Defendants. This Objection is **OVERRULED**.

*Objection No. 9*

Third, Plaintiff "objects to the finding at ECF No. 23, PageID.497-498, that the public interest weighs against relief. The public interest favors protecting constitutional rights, preventing retaliation, and allowing citizens to attend public events peacefully." ECF No. 24, PageID.503.

While "it is always in the public interest to prevent the violation of a party's constitutional rights," *Connection Distrib. Co. v. Reno*, 154 F.3d 281, 288 (6th Cir. 1998), Plaintiff has not established a strong likelihood of showing that his rights were violated. Plaintiff thus fails in demonstrating that issuance of a preliminary injunction is in the public interest. *See, e.g., Marshall v. Ohio Univ.*, No. 15-775, 2015 WL 1179955, at *10 (S.D. Ohio Mar. 13, 2015) ("Plaintiff has not established a strong likelihood of succeeding on his constitutional claims and the Court accordingly cannot reach the conclusion that the Policy in fact violates

27

constitutional rights. As such, Plaintiff cannot show that issuance of a temporary restraining order is in the public interest."). This Objection is **OVERRULED**.

Accordingly, having rejected Plaintiff's three objections on this factor, the Court adopts Judge Grand's conclusion and finds that the School Defendants would be substantially harmed and the public interest would not be served by granting an injunction. Thus, these two factors weigh against granting preliminary relief.

### D. Conclusion

The Court concludes that Plaintiff has not demonstrated a substantial likelihood of success on the merits. This factor is "often … determinative." *City of Pontiac Retired Emps. Ass'n*, 751 F.3d at 430; *accord Univ. of Cincinnati*, 872 F.3d at 399. Additionally, the Court has found the other three factors also weigh against the issuance of an injunction. Weighing these factors against each other, the Court concludes that a preliminary injunction should not be issued.

### E. Plaintiff's Remaining Requests for Injunctive Relief

Plaintiff also requests injunctive relief that would direct Defendants to

1) Preserve all video, audio, police, school-security, court, prosecution, fingerprint, biometric, LEIN, criminal-history, audit-log, record-change, and communication records connected to the May 8, 2023 incident, the

original 30-day trespass charge, the trespass acquittal, and any later alleged 'invasion of privacy' or other record designation.

2) Protect the child or alleged minor victim's identity by prohibiting public release, online posting, nonparty disclosure, or open filing of deposition transcripts, recordings, exhibits, summaries, discovery materials, or filings identifying the child unless redacted, sealed, or authorized by Court order.

ECF No. 15, PageID.142–43.

However, as Judge Grand noted, "the parties already have an obligation to preserve evidence." ECF No. 23, PageID.493 n.4. Judge Grand pointed out that "the School Defendants [have] already explained to Aoun by email that they 'will meet their obligation to retain and preserve records as required by law.'" *Id.* Nor has Plaintiff made any "showing that any evidence is at risk of being destroyed" or that "any child's identity will be revealed through Court filings." *Id.* Lastly, the "Federal Rule of Civil Procedure 5.2 contains a requirement that 'the name of an individual known to be a minor' be redacted in any court filings, and instructs that any such 'filing may include only . . . the minor's initials . . .'" *Id.* (citing Fed. R. Civ. P. 5.2).

The Court agrees with Judge Grand's reasoning. The record contains no indication that any party is failing to meet their obligation to preserve evidence, or that there is any risk that any minor's identity will be revealed through the Court's filings. Accordingly, Plaintiff has not demonstrated that injunctive relief is necessary on either ground.

29

*Objection No. 10*

Plaintiff objects "to the extent the Report denies any clarification regarding preservation and minor-identity protection." ECF No. 24, PageID.503. Plaintiff "requests that the District Judge at least confirm that all parties must preserve relevant video, audio, body-camera footage, dispatch records, school security footage, emails, text messages, police reports, and records related to the May 8, 2023 incident and any later exclusion or attempted exclusion of Plaintiff from public events. Plaintiff also requests that all parties comply with Rule 5.2 regarding minors." *Id.*

The strictures of the Federal Rules of Civil Procedure and the obligations of the parties surrounding preserving evidence are clear. Absent any indication that either party has failed to abide by these rules or is likely to fail to abide by these rules, any Court decision "confirming" such obligations would be an advisory opinion, which the Court may not provide. *See Fialka-Feldman v. Oakland Univ. Bd. of Trs.*, 639 F.3d 711, 715 (6th Cir. 2011). On this ground, this Objection is **OVERRULED**.

Having rejected Plaintiff's sole objection on this section of Judge Grand's Report and Recommendation, the Court adopts it and concludes that a preliminary injunction should not be granted as to this request.

30

## IV.   CONCLUSION

For the reasons above, Judge Grand's May 28, 2026, Plaintiff's Objections are OVERRULED, and the Report and Recommendation (ECF No. 23) is **ACCEPTED** in full. Accordingly, Plaintiff's motion for injunctive relief (ECF No. 15) is **DENIED**.

**SO ORDERED**.

Dated: June 2, 2026

s/Terrence G. Berg
HON. TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE